# Supreme Court of Texas

No. 23-0039

Frisco Medical Center, L.L.P. and Texas Regional Medical Center, L.L.C.,

*Petitioners*,

v.

Paula Chestnut and Wendy Bolen, on Behalf of Themselves and All Others Similarly Situated,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

To maintain a class action, plaintiffs must meet the four requirements of Rule 42(a) of the Texas Rules of Civil Procedure—commonly referred to as numerosity, commonality, typicality, and adequate representation—and at least one of the three requirements in Rule 42(b)—risk of inconsistent adjudications if separate actions, need for injunctive or declaratory relief for the class as a whole, or predominance of common questions. TEX. R. CIV. P. 42(a)-(b); *Union Pac. Res. Grp. v. Hankins*, 111 S.W.3d 69, 73 (Tex. 2003). Rule 42(d)(1) adds

that "[w]hen appropriate . . . an action may be brought or maintained as a class action with respect to particular issues." TEX. R. CIV. P. 42(d)(1). The question in this case is whether Rule 42(d)(1) allows for class certification of issues involved in a claim when the claim itself cannot be certified under Rules 42(a) and (b). We answered "no" in *Citizens Insurance Co. of America v. Daccach*, calling Rule 42(d)(1) "a housekeeping rule" that "cannot be used to manufacture compliance with the certification prerequisites." 217 S.W.3d 430, 455 (Tex. 2007) (citing *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 746 n.21 (5th Cir. 1996) (applying FED. R. CIV. P. 23(c)(4))). In this case, the court of appeals misapplied *Daccach*. We reverse and remand.

Plaintiffs Paula Chestnut and Wendy Bolen, on behalf of themselves and all others similarly situated, sued Frisco Medical Center, L.L.P. and Texas Regional Medical Center, L.L.C. (the hospitals) for charging emergency room patients an evaluation-and-management-services fee without an agreement with the patients and without notifying them of the fee prior to treatment. Plaintiffs seek relief under the Deceptive Trade Practices–Consumer Protection Act, TEX. BUS. & COM. CODE §§ 17.41-.63, and a declaratory judgment under the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE §§ 37.001-.011. The hospitals admit to charging the fee but disagree with plaintiffs about whether they provided adequate notice. The hospitals also claim that the fee is industry standard, is endorsed by federal regulation, and requires an individualized determination for each emergency room patient that cannot be made until after the patient has received stabilizing treatment.

2

The trial court ordered certification of a class including anyone who, on or after July 10, 2015, received treatment at the hospitals' emergency room facilities, was assessed a fee, and "made payments and/or ha[s] a remaining account balance [due] for their visit"—some 60,000 patients. The court determined that the Rule 42(a) prerequisites were met and that plaintiffs' claims satisfied all three parts of Rule 42(b). The court also determined that under Rule 42(d)(1), four discrete issues should be severed: (i) whether the hospitals have a duty to inform emergency room patients of the fee prior to the charge being incurred; (ii) whether language in the hospitals' form contract with patients provides a promise or agreement by patients to pay a fee for their emergency room visits; (iii) whether the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, prohibits the hospitals from disclosing their intention to charge a fee to emergency room patients prior to the fee being incurred; and (iv) whether the hospitals disclose their fee in a reasonable manner prior to such charge being incurred.

The hospitals took this interlocutory appeal challenging the class certification order. Reviewing the trial court's order for abuse of discretion,[1] the court of appeals agreed that plaintiffs' claims satisfy Rule 42(a) but concluded that none of the Rule 42(b) criteria are met by the class's claims as a whole. ___ S.W.3d ___, 2022 WL 16735383, at *7, *9, *12 n.8 (Tex. App.—Dallas Nov. 7, 2022). Nevertheless, the court of appeals held that the Rule 42(b)(2) criterion is satisfied as to three of

---

[1] *Compaq Comput. Corp. v. Lapray*, 135 S.W.3d 657, 671 (Tex. 2004) ("[W]e review the [class certification] order for abuse of discretion.").

the four discrete issues. *Id.* at \*12. Thus, what survived are three "issue classes" under Rule 42(d)(1) that do not satisfy any of the Rule 42(b) criteria when applied to the claims as a whole but that do satisfy Rule 42(b)(2) when exclusively analyzing that criterion through the lens of the three discrete issues. The hospitals appealed to this Court, contending that the court of appeals' certification of an issue class after first determining that the claims as a whole do not independently satisfy Rule 42(b) contravened the requirements of this Court's opinion in *Daccach*.

In *Daccach*, we cautioned "that Rule 42(d) cannot be used to manufacture compliance with the certification prerequisites." 217 S.W.3d at 455. Instead, Rule 42(d), "like its federal counterpart, 'is a housekeeping rule that allows courts to sever the common issues for a class trial.'" *Id.* (quoting *Castano*, 84 F.3d at 746 n.21). In *Castano*, the Fifth Circuit used the "housekeeping" designation to clarify the relationship between (i) the requirement that the "cause of action, as a whole, must satisfy the [prerequisite]"; and (ii) Rule 42(d)(1)'s identical federal counterpart's allowance of the certification of issue classes. 84 F.3d at 746 n.21. *Castano* made clear that Rule 42(d)(1)'s federal counterpart allowed common issues *within an already certified class* to be severed for a tidier trial. Severing an issue "does not save the class action" because courts "cannot manufacture predominance through the nimble use" of Rule 42(d)(1)'s federal counterpart. *Id.* at 745 n.21.

In adopting *Castano*'s housekeeping language, we affirmed the same relationship between Rule 42(d) and the Rule 42(a) and (b) prerequisites. A rule cannot be a housekeeping rule while also creating

4

a substantive right to certify an otherwise uncertifiable class. Rule 42(d)(1) functions as a case-management tool that allows trial courts to break down class actions that already meet the requirements of Rule 42(a) and (b) into discrete "issue classes" for ease of litigation. The court of appeals erred by using Rule 42(d)(1) to manufacture compliance with Rule 42(b)(2) after determining that the Rule 42(b) criteria are not satisfied when applied to the claims as a whole. Upon determining that the claims do not satisfy Rule 42(b), the court of appeals should have reversed the class certification order and remanded to the trial court.

The only question that remains, then, is whether the court of appeals was correct to conclude that the Rule 42(b) criteria are not satisfied as to plaintiffs' claims as a whole. Plaintiffs ask this Court "to reconsider class certification under Rule 42(b)(3) as well as Rule 42(b)(2)" should we reverse the court of appeals' judgment. However, apart from the single request that we "reconsider class certification under Rule 42(b)(3) as well as Rule 42(b)(2)," plaintiffs did not challenge the court of appeals' conclusion that the claims as a whole fail to satisfy the Rule 42(b) criteria. To the contrary, plaintiffs embraced the court of appeals' decision, stating in their response brief that "[t]here is nothing wrong with the Court of Appeals' well-reasoned Opinion" and "[t]he Court of Appeals' certification of a Rule 42(b)(2) class in this case was perfectly appropriate in every respect." The only pertinent discussion of the Rule 42(b) criteria in plaintiffs' brief defends the court of appeals' decision that Rule 42(b)(2) is satisfied as to the three discrete issues. The brief does not take the necessary next step of

arguing that those criteria are satisfied by the claims as a whole. Though we "liberally, but reasonably, construe[] [briefing] so that the right to appeal is not lost by waiver," *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020) (quoting *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019)), we conclude that plaintiffs waived any challenge to the court of appeals' conclusion here by specifically endorsing the court of appeals' opinion and by failing to provide even a single point about why it is wrong regarding certification of the claims as a whole. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (discussing the "long-standing rule" that "error may be waived by inadequate briefing").

Without hearing oral argument, we grant the petition for review, reverse the portion of the court of appeals' judgment affirming certification of a Rule 42(b)(2) class as to the three discrete issues, affirm the remainder of the court of appeals' judgment, and remand the case to the trial court for further proceedings. TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** May 17, 2024

6